Motion 1

FILED VIA MAIL

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA        JUL 20 2015
TAMPA DIVISION

CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                    )
                                          )        Case No. **03-18419**
                                          )
**PAUL D. MAAS**                          )
**MARY LOUISE GABRIEL**                   )
_____ Debtor(s) )


## MOTION FOR PAYMENT OF UNCLAIMED FUNDS

Comes now <u>Oak Point Partners, Inc.</u> ("Oak Point"), to move the Court to enter an order directing payment of unclaimed funds now on deposit in the Registry of the United States Bankruptcy Court. Claimant is a __X__ creditor_____debtor (check one) in the above captioned bankruptcy case and on whose behalf funds were deposited. I have a right to claim said funds due to the following:

1. A dividend check in the amount of **$2,163.80** was issued to **Advanta Business Cards** ("**Creditor**"). The check was not negotiated by the Creditor and the unclaimed funds were delivered and deposited by the Clerk of the U.S. Bankruptcy Court.

2. In November of 2009, Advanta filed Chapter 11 Bankruptcy in the U.S. Bankruptcy Court for the District of Delaware, Case No. 09-13931.

3. Thereafter, a plan of liquidation was confirmed, creating the AC Liquidating Trust and appointing FTI Consulting, Inc. as the Liquidating Trustee.

4. On June 2, 2015, the Liquidating Trustee sold the remnant assets of Advanta to Oak Point. A copy of the Asset Purchase Agreement is attached.

5. I am an authorized representative of the Creditor named above. To the best of my knowledge, no other party is entitled to these funds. Proof of my identity is attached.

---

Name of Claimant:   __Oak Point Partners, Inc.__

Mailing Address:   _____PO Box 1033_____

City:_____Northbrook_____   State:__IL__  Zip Code:___60065__

Telephone Number: Home:_____   Work: __847-483-8001__

Tax ID Number:   _____30-0008093_____

Amount of Claim:   _____$2,163.80_____

---

     Claimant certifies under penalty of perjury that all statements made by Claimant on this motion and any attachments required for this Motion is, to the best of Claimant's knowledge, true and correct.  Accordingly, Claimant requests the Court to enter an Order authorizing payment of the dividend due upon this claim.

Oak Point Partners, Inc._____

By: _____          ___7/16/15_____

    SIGNATURE                                              DATE
    Eric A. Linn, its President

# Oak Point Partners

**Po Box 1033 ♦ Northbrook, IL 60065**

## AFFIDAVIT IN SUPPORT OF MOTION FOR ORDER DIRECTING PAYMENT OF UNCLAIMED FUNDS

*I, ERIC A. LINN, hereby certify that I am President of Oak Point Partners, Inc. ("Oak Point") and that Oak Point is successor in interest to the AC Liquidating Trust for the bankruptcy estate of Advanta Corp., et al. and its subsidiaries ("Advanta") through its Purchase Agreement and Assignment of Claims and Interests between Oak Point and FTI Consulting, Inc., as Trustee of Advanta. As such, I am entitled to claim funds held by the court in the name of Advanta.*

Dated: _7/16/15_          By: _____

Eric A. Linn, President, Oak Point Partners, Inc.

Please see attached

Business Card                    Corporate Seal

SUBSCRIBED AND SWORN BEFORE ME THIS _16th_ DAY OF _JULY_____,
20_15_, TO CERTIFY WITNESS MY HAND AND OFFICIAL SEAL.

_____

Notary Public In and For

Official Seal
Dee M Bender
Notary Public State of Illinois
My Commission Expires 01/30/2016

The State of _IL_____ County of _COOK_

My Commission expires on _1/30/2016_



**P.O. BOX 1033 ♦ Northbrook, IL 60065-1033**

## *Affidavit*

**Re: Unclaimed Property owed to Oak Point Partners, Inc.**

The undersigned, Janice A. Alwin, Vice President, General Counsel & Assistant Secretary
at Oak Point Partners, Inc., hereby certifies that:

1. Eric A. Linn is President of Oak Point Partners, Inc., and
2. Eric A. Linn has all applicable rights therein to claim property belonging to,
   and on behalf of, Oak Point Partners, Inc.

Sincerely,

Janice A. Alwin
Vice President,
General Counsel & Assistant Secretary
Oak Point Partners, Inc.

Subscribed and Sworn Before Me This

__16th__ DAY OF __July__, 2015

NOTARY PUBLIC

COMMISSION EXPIRES __1/30/2016__

Official Seal
Dee M Bender
Notary Public State of Illinois
My Commission Expires 01/30/2016

Generated: 07/09/2015 16:32:53

## U.S. Bankruptcy Court

Middle District of Florida
Funds Unclaimed Directory
Search key: advanta business cards
Sorted by: Creditor

| Case Number | Debtor | Creditor | Amount |
|---|---|---|---|
| 8:03-bk-18419-KRM | MAAS, PAUL D. | **ADVANTA BUSINESS CARDS** 1020 LAUREL OAK ROAD VOORHESS, NJ 08043- | **$2,163.80** |

www.flmb.uscourts.gov
New Search

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
ADVANTA CORP., et al.,                    :        Case No. 09-13931 (KJC)
                                          :
              Debtors.                    :        (Jointly Administered)
                                          :
-----------------------------------------------------------------x
```

**DEBTORS' JOINT PLAN UNDER**
**CHAPTER 11 OF THE BANKRUPTCY CODE**

Advanta Corp., Advanta Investment Corp., Advanta Business Services Holding Corp., Advanta Business Services Corp., Advanta Shared Services Corp., Advanta Service Corp., Advanta Advertising Inc., Advantennis Corp., Advanta Mortgage Holding Company, Advanta Auto Finance Corporation, Advanta Mortgage Corp. USA, Advanta Finance Corp., Advanta Ventures Inc., BE Corp. (f/k/a BizEquity Corp.), ideablob Corp., Advanta Credit Card Receivables Corp., Great Expectations International Inc., Great Expectations Franchise Corp., and Great Expectations Management Corp. propose the following joint chapter 11 plan pursuant to section 1121(a) of the Bankruptcy Code:

**ARTICLE I**

*DEFINITION AND INTERPRETATION*

**A.      Definitions.**

       ***1.1***    ***8.99% Indenture*** means that certain indenture, dated as of December 17, 1996, between Advanta and the 8.99% Indenture Trustee, pursuant to which Advanta issued the Subordinated Notes.

       ***1.2***    ***8.99% Indenture Trustee*** means the indenture trustee for the Subordinated Notes under the 8.99% Indenture.

       ***1.3***    ***ABC*** means Advanta Bank Corp., a Utah industrial bank.

       ***1.4***    ***ABC Parties*** means, collectively, ABC and Advanta Business Receivables Corp., a Nevada corporation.

## PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS

**THIS PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS** (this "Agreement"), dated as of June 2, 2015 is between **FTI CONSULTING, INC., solely in its capacity as the TRUSTEE** ("Trustee") **for the AC LIQUIDATING TRUST f/k/a AC TRUST.**[1] (the "Trust" or "Seller") **established under the confirmed** *Debtors' Joint Plan Under Chapter 11 of the Bankruptcy Code* (as modified, the "Plan") in the **ADVANTA CORP., ET AL., BANKRUPTCY CASE,** on the one hand, and **OAK POINT PARTNERS, INC.** ("Purchaser"), on the other hand.

### WITNESSETH:

**WHEREAS,** on November 8, 2009 and November 20, 2009, respectively, Advanta Corp. and certain of its affiliates (collectively, "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), jointly administered under Case No. 09-13931-KJC; and

**WHEREAS,** on February 11, 2011, the Bankruptcy Court entered an order confirming the Plan, and, on February 28, 2011, the Plan became effective; and

**WHEREAS,** in accordance with the Plan, seven trusts, including Seller, were established for the purpose of liquidating and distributing the Debtors' assets to holders of beneficial interests in the respective trusts, and for each trust the Trustee was appointed to serve as trustee; and

**WHEREAS,** the Advantennis Liquidating Trust, Advanta Auto Finance Trust, Advanta Finance Trust, ASSC Trust, and AMCUSA Trust have each since been dissolved and closed, and, in accordance with the authority granted under the Plan, any and all remaining assets of each trust have been transferred to the Seller; and

**WHEREAS,** Seller wishes to sell, assign, transfer and convey to Purchaser all rights, title and interest under, in and to the assets scheduled on attached Exhibit A (the "Remnant Assets), and Purchaser is willing to accept such sale, assignment, transfer and conveyance of the Remnant Assets; and

**WHEREAS,** for the avoidance of doubt, the Remnant Assets shall exclude any and all assets, claims, rights and property of the Seller (whether known or unknown or whether arising out of occurrences prior to, at or after the date hereof) not specifically scheduled on the attached Exhibit A, including, for the avoidance of doubt and without limitation, the assets scheduled on attached Exhibit B ("Excluded Assets"); and

**WHEREAS,** Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE,** in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** Substantially simultaneously with the execution and delivery of this Agreement, Purchaser shall deliver to Seller, by wire transfer to an account designated by Seller, immediately available funds in the amount of _____REDACTED_____ (the "Purchase Price").

---

[1] For the avoidance of doubt, the Trust is referred to as the "AC Trust" in the Plan (as defined herein).

NY\7082137.7

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Assumption of Remnant Assets.** Purchaser hereby accepts the sale, assignment, transfer and conveyance made by Seller pursuant to Section 2 above and agrees that any and all liabilities or obligations created or incurred in connection with action taken by the Purchaser with respect to any Remnant Asset on or after the date of this Agreement shall constitute liabilities and obligations of the Purchaser. Seller shall have no responsibility for any liabilities or obligations created or incurred by the Purchaser in connection with the Remnant Assets at or after the date of this Agreement.

4. **Waiver and Release.** Seller completely, irrevocably and unconditionally disclaims, waives and releases any and all of its right, title, and interest which Seller may now have or may hereafter otherwise acquire in the Remnant Assets. From and after the date hereof, Purchaser hereby agrees to hold harmless Seller and the Trustee from and against any Damages which may be sustained or suffered by Seller or the Trustee based upon, arising out of, or resulting from occurrences relating to actions taken by the Purchaser in connection with the Remnant Assets at or after the date hereof. For purposes of this Agreement, "Damages" means any and all damages, costs, losses, liabilities, expenses, taxes and fees (including, without limitation, court costs and reasonable attorneys' fees and expenses).

5. **Authority to Sell.** The sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

6. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets, but solely to the extent such payments are received by Seller after the closing of this transaction, shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

7. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

8. **Purchaser's Representations and Warranties.** In consideration of Seller's agreements herein and to induce Seller to enter into this Agreement, Purchaser represents and warrants to Seller that Purchaser has full lawful right, title, power and authority to enter into this Agreement and to accept the conveyance of Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

9. **Notice of Transfer/Address Change.** Seller hereby authorizes Purchaser to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP") with respect to any bankruptcy claims in third-party bankruptcy cases that constitute Remnant Assets and Seller hereby waives (i) its right to raise any objection thereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP. With respect to non-bankruptcy claims, Seller authorizes Purchaser to file a change of

2

address or notice of transfer (at Purchaser's discretion) and Seller waives its right to raise any objection thereto and its right to receive notice pursuant thereto.

10. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs (including, without limitation, reasonable attorneys' fees and expenses) associated with such compliance.

11. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement; *provided, however,* that, without limiting the foregoing, Purchaser hereby agrees to hold harmless Seller and the Trustee from and against any Damages, which may be sustained or suffered by any of the foregoing, based upon, arising out of or resulting from Purchaser's acting in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets and from Purchaser's enforcement of the Remnant Assets.

12. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

13. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

14. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware, without giving effect to choice of law principles of the State of Delaware, and subject to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

15. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

*[Reminder of Page Intentionally Left Blank]*

**THIS AGREEMENT** has been duly executed as of the day and year first above written.


OAK POINT PARTNERS, INC.

By: _Eric A. Linn_____
Name:  ERIC LINN
Its:  President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 1540 E. Dundee Rd., Suite 240, Palatine, IL 60074
tel (847) 577-1269        fax (847) 655-2746


AC LIQUIDATING TRUST

By:  FTI Consulting, Inc.,
        solely in its capacity as
        the Trustee under the Plan


By: _____
Name:   Andrew Scruton
Its:  Senior Managing Director

Address:
Three Times Square, 11th Floor
New York, NY 10036
Tel:  (212) 247-1010
Fax: (212) 841-9350

4

NY:7082137.7

EXHIBIT A

REMNANT ASSETS

1. Any and all rights related to the DCIC Investment – Loan No. 00001003; Loan Name: Thomas A. Edison Charter School.

2. Any and all rights related to the Leasing Collection – Customer: Timber Lane Inc. & Robert T Sisum (Croyden, NH).

3. Any and all rights under restitution orders and to restitution payments arising out of or in connection with operation of the Debtors' former businesses, wherever located and of any nature whatsoever, including, without limitation, restitution orders entered in connection with the following cases: (a) United States v. Brodie, Case No. CR 02-190-1 (D.C.); (b) United States v. Padonu, Case No. CR 02-190-2 (D.C.); (c) United States v. Gerber, Case No. 901-CR-08019-001 (S.D. Fla.); (d) United States v. McLaren, Case No. 3:97-CR-128-G(01) (N.D. Tex.); (e) United States v. Botts, Case No. DOKW598CR000025 (W.D. Ok.); and (f) Case No. SCD21888 (County of San Diego).

4. Except as expressly related to Excluded Assets, rights to payment, and claims of the Trust and related Debtors, whether known or unknown, wherever located, including, without limitation: (a) stale and dormant funds; (b) customer or vendor receivables, deposits, payments, or refunds; (c) escheated funds or other unclaimed property; (d) royalties of any nature whatsoever; (e) rights in and to oil, gas, mineral and like interests, whether surface, land, fee, leasehold, or otherwise; (f) claims or proceeds from claims in other bankruptcies, insolvencies, or receiverships; (g) any funds held in court registries; (h) claims or proceeds of claims in settlements of class action or antitrust matters; and (i) stock, bonds, dividends, patronage rights and credits, partnership units or interests, membership interests, or other equity interests.

5. Any receivables or equity interests related to the Remnant Assets discovered by Purchaser that were previously unknown to the Trustee.

NY:7082137.7

EXHIBIT B

EXCLUDED ASSETS

1. All cash and cash equivalents held at the time of this Agreement by Seller in bank accounts or otherwise.

2. The Purchase Price to be delivered pursuant this Agreement.

3. Any items related to tax filings, tax adjustments, tax refunds, and the like of the Debtors or the Trust.

4. Any and all books and records of the Debtors, including, without limitation, all documents and communications of any kind, whether physical or electronic, the right to assert or waive any privilege, including, but not limited to, any attorney-client privilege, work-product protection, or other privilege or immunity attaching to any documents or communications (whether written, electronic or oral), and rights to direct current or former agents, attorneys, advisors and other professionals of such Debtor(s) to deliver such documents or communications

5. With respect to the Trust, all books and records, including, without limitation, all documents and communications of any kind, whether physical or electronic, the right to assert or waive any privilege, including, but not limited to, any attorney-client privilege, work-product protection, or other privilege or immunity attaching to any documents or communications (whether written, electronic or oral), and rights to direct current or former agents, attorneys, advisors and other professionals of the Trust to deliver such documents or communications.

6. Stock, partnership units or interests, membership interests, or other equity interests in any of the Debtors or any subsidiary or affiliate of any of the Debtors or any successors thereto.

7. Any prior, current, or future rights or interests that the Debtors or the Trust had, have, or may have with respect to any types of stock or other types of equity interests in Visa Inc., its subsidiaries, or its affiliates.

8. Any rights to payment and claims of the Trust, whether known or unknown, wherever located, on account of benefits, receivables, deposits, refunds , or other payments from or relating to any insurance policies issued to and for the benefit of the Trust, the Trustee, and others, as the case may be, including, without limitation, that certain Trustees and Trust Liability Insurance Policy, dated as of October 23, 2013, as may have been amended, modified, or extended, the associated Primary Policy, the associated Excess Policy, and any related, tail, subsequent, or ancillary insurance policies.



**Oak Point Partners**

1540 East Dundee Road
Suite 240
Palatine, IL 60074
Direct:  (847) 577-1269
Cell:      (312) 804-0142
Fax:      (847) 655-2746
eric@oakpointpartners.com

Eric Linn
President

 **Department of the Treasury**
**Internal Revenue Service**
**Ogden, UT 84201**

In reply refer to:   0444870840
Dec 12, 2008        LTR 147C
30-0008093

OAK POINT PARTNERS INC
1540 E DUNDEE RD STE 240
PALATINE         IL 60074-8320 659

Taxpayer Identification Number: 30-0008093

Form(s):

Dear Taxpayer:

This letter is in response to your telephone inquiry of December 12th, 2008.

Your Employer Identification Number (EIN) is 30-0008093.  Please keep this number in
your permanent records.  You should enter your name and your EIN, exactly as shown
above, on all business federal tax forms that require its use, and on any related
correspondence documents.

If you have any questions regarding this letter, please call our Customer Service
Department at 1-800-829-0115 between the hours of 7:00 AM and 10:00 PM.  If you
prefer, you may write to us at the address shown at the top of the first page of this letter.
When you write, please include a telephone number where you may be reached and the
best time to call.

Sincerely,

Pamela Hales
143882
Accounts Management

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
|  |  |
|---|---|
| *In re* | Chapter 11 |
| ADVANTA CORP., *et al.*,[1] | Case No. 09-13931 (KJC) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------x    Re: Docket Nos. 1121, 1159, 1171 & 1172

### ORDER CONFIRMING DEBTORS'
### JOINT PLAN UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, AS MODIFIED

Advanta Corp. ("***Advanta***") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (the "***Debtors***"), having proposed and filed

the Debtors' Joint Plan Under Chapter 11 of the Bankruptcy Code, dated November 2, 2010 (as

modified February 11, 2011, the "***Plan***") with the United States Bankruptcy Court for the

District of Delaware (the "***Bankruptcy Court***"); and the Bankruptcy Court having entered, after

due notice and a hearing, the Order (I) Approving the Disclosure Statement, (II) Approving

Notice and Objection Procedures for the Disclosure Statement Hearing, (III) Establishing

Solicitation and Voting Procedures, (IV) Scheduling a Confirmation Hearing, and (V)

Establishing Notice and Objection Procedures for Confirmation of the Proposed Plan [Docket

No. 1042] (the "***Disclosure Statement Order***"); and the Disclosure Statement for Debtors' Joint

---

[1] The Debtors in these jointly administered Chapter 11 Cases are Advanta, Advanta Investment Corp., Advanta Business Services Holding Corp., Advanta Business Services Corp., Advanta Shared Services Corp. ("***ASSC***"), Advanta Service Corp. ("***ASC***"), Advanta Advertising Inc., Advantennis Corp., Advanta Mortgage Holding Company, Advanta Auto Finance Corporation ("***Advanta Auto Finance***"), Advanta Mortgage Corp. USA ("***AMCUSA***"), Advanta Finance Corp. ("***Advanta Finance***"), Advanta Ventures Inc., BE Corp. (f/k/a BizEquity Corp.), ideablob Corp., Advanta Credit Card Receivables Corp. ("***ACCRC***"), Great Expectations International Inc., Great Expectations Franchise Corp., and Great Expectations Management Corp.

Interests in the Consolidated Debtors (other than ASC), Advantennis, and ASSC), and Classes 7(d)-(f) (Equity Interests in AMCUSA, Advanta Auto Finance, and Advanta Finance) are impaired pursuant to the Plan and set forth the treatment of such Classes under the Plan, thereby complying with section 1123(a)(3) of the Bankruptcy Code.   The Plan therefore satisfies section 1123(a)(3) of the Bankruptcy Code.

     S.     No Discrimination (11 U.S.C. § 1123(a)(4)).   The Plan provides for the same treatment by the Debtors for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment in respect of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

     T.     Implementation of the Plan (11 U.S.C. § 1123(a)(5)).   The Plan and the various documents in the Plan Supplement provide for adequate and proper means for implementation of the Plan as required by section 1123(a)(5) of the Bankruptcy Code.   The Plan therefore satisfies section 1123(a)(5) of the Bankruptcy Code.

     U.     Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).   The amended charter and by-laws for Reorganized Advanta and ASC, forms of which are included in the Plan Supplement, conform to section 1123(a)(6) of the Bankruptcy Code's prohibition on the issuance of nonvoting equity securities and do not permit either Reorganized Advanta or ASC to issue nonvoting equity securities to the extent disallowed by section 1123(a)(6).   Consequently, the applicable post-Effective Date organizational documents comply with the requirements of section 1123(a)(6) of the Bankruptcy Code.

     V.     Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)).   The initial directors and officers for both Reorganized Advanta and ASC are set forth in the Plan Supplement, and their respective constituent documents set out the procedures for selection of

subsequent directors and officers.   The selection of FTI Consulting, Inc. ("*FTI*") as the Trustee

for each Trust and Wilmington Trust Company as Delaware Trustee for each Trust was made in

consultation with the Creditors' Committee.   The Trusts will be overseen by the TABs.   The

initial members of the TABs for each Trust have been designated by the Debtors with the

consent of the Creditors' Committee, and their names are contained in the Plan Supplement as an

exhibit to each Trust Agreement.   Such procedures are consistent with the interests of creditors

and equity holders and public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy

Code.

      W.      Additional Plan Provisions (11 U.S.C. § 1123(b)).   The additional provisions of

the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code,

thereby satisfying section 1123(b) of the Bankruptcy Code.   The failure to specifically address a

provision of the Plan in this Order shall not diminish or impair the effectiveness of such

provision.

      X.      Impairment/Unimpairment of Classes of Claims and Equity Interests

(§ 1123(b)(1)).   As contemplated by section 1123(b)(1) of the Bankruptcy Code, (I) Classes

1(a)-(f) (Other Priority Claims against the Consolidated Debtors, Advantennis, AMCUSA,

Advanta Auto Finance, ASSC, and Advanta Finance, respectively), Classes 2(a)-(f) (Secured

Claims against the Consolidated Debtors, Advantennis, AMCUSA, Advanta Auto Finance,

ASSC, and Advanta Finance, respectively), and Class 7(g) (Equity Interests in ASC) are not

impaired by the Plan; and (II) Class 3 (Investment Note Claims and RediReserve Certificate

Claims against Advanta), Classes 4(a)-(f) (General Unsecured Claims against the Consolidated

Debtors, Advantennis, AMCUSA, Advanta Auto Finance, ASSC, Advanta Finance,

respectively), Class 5 (Subordinated Note Claims against Advanta), Classes 6(a)-(f)

provision and any provision of this Order that cannot be so reconciled, then solely to the extent

of such inconsistency, the provisions of this Order shall govern and any provision of this Order

shall be deemed a modification of the Plan and shall control and take precedence.  The

provisions of this Order are integrated with each other and are non-severable and mutually

dependent.

50.    <u>Final Order</u>.  This Order is a final order and the period in which an appeal must

be filed shall commence upon the entry hereof.

51.    <u>Separate Orders</u>.  This Order is and shall be deemed a separate Order with

respect to each of the Debtors in each Debtor's separate Chapter 11 Case for all purposes.

Dated:  February 11, 2011
        Wilmington, Delaware

_____

THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
In re:                                    :    Chapter 11
                                          :
ADVANTA CORP., et al.,¹                   :    Case No. 09-13931 (KJC)
                                          :
        Debtors.                          :    (Jointly Administered)
-----------------------------------------------------------x
```

**DECLARATION OF ANDREW SCRUTON PURSUANT TO 28 U.S.C. §1746
IN SUPPORT OF THE SIXTH OMNIBUS OBJECTION TO CLAIMS: (I) NO
LIABILITY CLAIMS; AND (II) DISPUTED AMOUNT CLAIMS (SUBSTANTIVE)**

      **ANDREW SCRUTON**, under penalty of perjury hereby declares as follows:

      1.     I am a Senior Managing Director with FTI Consulting, Inc. ("***FTI***"). I am the

duly appointed representative of FTI, the Trustee of the AC Trust and the Advanta Trust (the

"***Trustee***") pursuant to Sections 5.4 and 5.5 of the *Joint Plan Under Chapter 11 of the*

*Bankruptcy Code* (the "***Plan***"). Unless otherwise stated in this Declaration, I have personal

knowledge of the facts set forth herein.

      2.     The ongoing claims reconciliation process involves the collective effort of a team

of the Trustee's professionals: FTI, Latham & Watkins LLP and Drinker Biddle & Reath LLP,

and the Debtors' claims agent, The Garden City Group, Inc., to review proofs of claim

filed against the Debtors (each, a "***Claim***," and collectively, the "***Claims***"). In preparation of the

---

[1]   The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, were Advanta Corp. (2070) ("Advanta"), Advanta Investment Corp. (5627), Advanta Business Services Holding Corp. (4047), Advanta Business Services Corp. (3786), Advanta Shared Services Corp. (7074), Advanta Service Corp. (5625), Advanta Advertising Inc. (0186), Advantennis Corp. (2355), Advanta Mortgage Holding Company (5221), Advanta Auto Finance Corporation (6077), Advanta Mortgage Corp. USA (2654), Advanta Finance Corp. (8991), Advanta Ventures Inc. (5127), BE Corp. (8960), ideablob Corp. (0726), Advanta Credit Card Receivables Corp. (7955), Great Expectations International Inc. (0440), Great Expectations Franchise Corp. (3326), and Great Expectations Management Corp. (3328).

FP01/ 6489419.4

Trustee's Sixth Omnibus Objection to Claims: (i) No Liability Claims; and (ii) Disputed Amount Claims (the "*Omnibus Objection*"), the Trustee's advisors and personnel who are familiar with the information contained herein have reviewed (i) the claims at issue in the Omnibus Objection that are listed on *Exhibits A and B* attached thereto, (ii) the Debtors' books and records, and (iii) the claims register. I have also personally reviewed the Omnibus Objection and the exhibits attached thereto. Accordingly, I am familiar with the information contained therein.

A.   **No Liability Claims**

3.   To the best of my knowledge, information and belief, the Claims reflected in *Exhibits A* of the Omnibus Objection include for which the Debtors have no obligations currently due and owing (the "*No Liability Claims*").

B.   **Disputed Amount Claims**

4.   To the best of my knowledge, information, and belief, the Claims listed on *Exhibit B* to the Omnibus Objection are those Claims for which the Debtors dispute the asserted claim amount (collectively, the "*Disputed Amount Claims*"), and, therefore, the claim amount of each such Claim should be reduced to the extent set forth in the Sixth Omnibus Objection.

5.   Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Omnibus Objection and exhibit thereto is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on:  May 6, 2011
               Wilmington, Delaware

_____
Andrew Scruton

3

FP01/ 6489419.4

United States Bankruptcy Court
District of Delaware

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States
Bankruptcy Code, entered on 11/08/2009 at 7:19 PM and filed on 11/08/2009.

**Advanta Corp., et al.,**
196 West Ashland Street
Office 105
Doylestown, PA 18901
Tax ID / EIN: 23-1462070
*aka* **Teacher Service Organization, Inc.**
*aka* **TSO Financial Corp.**



The case was filed by the debtor's attorney:

**Mark D. Collins**
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7531

The case was assigned case number 09-13931-KJC to Judge Kevin J. Carey.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under
certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt
to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page www.deb.uscourts.gov
or at the Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, DE 19801.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**David D. Bird**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/03/2015 11:13:25 | | |
| **PACER Login:** op0125:2740327:0 | **Client Code:** | Advanta Corp |
| **Description:** Notice of Filing | **Search Criteria:** | 09-13931-KJC |
| **Billable Pages:** 1 | **Cost:** | 0.10 |

6/3/2015 10:11 AM

AO 213
(Rev. 06/12)

**ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS**
Accounting and Financial Systems Division

Sensitive Information
**VENDOR INFORMATION/TIN CERTIFICATION**

☐ Ex-AO Employee
☐ SAM Vendor
*(Formerly CCR)*
*(No TIN Certification Required)*

| Vendor Address | Other Address *(if different from Vendor Address)* |
|---|---|
| Select all that apply ☐ Order ☐ Remit ☐ 1099 | Select all that apply ☐ Order ☐ Remit ☐ 1099 |
| Name: | Address: |
| Business Name:    Oak Point Partners, Inc. *(if different from above)* | City: |
| Address 1: Po Box 1033 | State:        Zip Code: |
| Address 2: | Telephone #: |
| City: Northbrook | Description: *(if needed)* |
| State: IL      Zip Code: 60065 | |
| Taxpayer Identification #: 30-0008093 *(TIN, SS, or EIN number)* | |
| DUNS # | |

| Financial Information *(if Requested)* | |
|---|---|
| Bank Name: | Routing # *(this nine digit number appears on your checks, but do not include individual check numbers)*: |
| City: | Account #: |
| State:        Zip Code: | Type of Account: *(select one)* ☐ Checking ☐ Savings |

Type of Organization for 1099 reporting:

☐ sole proprietorship;                                    ☐ partnership;

☑ corporate entity *(not tax-exempt)*;              ☐ corporate entity *(tax-exempt)*;

☐ health care provider;                                  ☐ other: _____

☐ government entity *(write in either federal, state or local)* _____

**Taxpayer Identification Number Certification**

Under penalties of perjury, I certify that:

1.  The Taxpayer Identification Number listed in the Vendor Address area above is the correct number assigned to me, and

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest and dividends, or (c) the IRS has notified me that I am no longer subject to the backup withholding, and

3.  I am a U.S. citizen or other U.S. person *(defined below)*.

☐ You must select this check box if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. If you make a false statement with no reasonable basis that results in no backup withholdings, you are subject to a $500 penalty. Willfully falsifying certifications or affirmations on this form may subject you to criminal penalties including fines and/or imprisonment.

AO 213
(Rev. 06/12)

**Definitions:**

"Taxpayer Identification *(TIN, SS, or EIN number)*" is the number required by the Internal Revenue Service (IRS) to be used in reporting income tax and other returns. The TIN may be either a social security number (SSN) or an employer identification number (EIN).

"U.S. person" means:

- An individual who is a U.S. citizen or U.S. resident alien,
- A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States.

The TIN, as well as the information above is required in order to comply with debt collection requirements of 31 U.S.C. §§ 7701(c) and 3325(d), reporting requirements of 26 U.S.C. §§ 6041 and 6041A, and implementing regulations issued by the IRS. Failure or refusal to furnish this information may result in 28 percent backup withholding on any payments otherwise due under any awarded contract or purchase order.

The TIN may be used by the government to collect and report on any delinquent amounts arising out of the vendor's relationship with the government (31 U.S.C. § 7701(c)(3)). The TIN provided may be matched with IRS records to verify its accuracy.

Complete this section only if a TIN was not provided on page one, and select closest reason why not:

☐ The vendor is a nonresident alien, foreign corporation or foreign partnership that does not have income effectively connected with the conduct of a trade or business in the United States and does not have an office or place of business or a fiscal paying agent in the United States;

☐ The vendor is an agency or instrumentality of a foreign government;

**Additional information required for vendors used for procurement
(purchase orders, contracts, etc.)**

Indicate which, if any, of the following categories are applicable. These categories require that the vendor is 51% owned and the management and daily operations are controlled by one or more members of the selected socio-economic group:

☐ Women Owned Business          ☑ Not Applicable

☐ Minority Owned Business *(If yes, select one of the owner's race/ethnicity selections from below)*:

☐ Asian-Pacific American     ☐ Black American      ☐ Subcontinent Asian (Asian-Indian)American

☐ Hispanic American          ☐ Native American     ☐ Other: _____

Date: 7/16/15 _____          _____
                                        *Vendor's signature*

---

**For Agency Use Only**

The vendor name and DUNS number is all that is required for registered System for Award Management (SAM) vendors (formerly CCR). (Check www.sam.gov for registration status.) Do not use this form for purchase card merchants.

Mark Boxes that apply:  ☐ Addition  ☐ Change     ☐ Vendor Code: _____ *(make entry only if change)*

                        ☐ Active    ☐ Inactive  ☐ Vendor Type: _____

| The following information is optional for individuals whose name and telephone are already on the form: |
|---|
| Contact Name: |
| Telephone Number: _____          Email: _____ |

| Identification of person making this request: |
|---|
| Name: |
| Telephone Number: _____          Originating Office: _____ |

Please type or print clearly.     For "AO" FAS4T Users only, e-mail the completed form to: AOdb_OFB_Client Service Desk/DCA/AO/USCOURTS. For questions regarding AOFAS4T the Client Service Desk can be contacted at (202) 502-2242.
For "Court" FAS4T Users, send this form to the local Vendor Administrator. For questions regarding Court FAS4T please contact SDSD at (210) 301-6320.

This form should be completed with signature by the vendor and submitted by Judiciary staff only.
Sensitive information must be securely maintained and only visible to the appropriately designated financial employee.

| Form **W-9**<br>(Rev. August 2013)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer**<br>**Identification Number and Certification** | Give Form to the<br>requester. Do not<br>send to the IRS. |
|---|---|---|

Name (as shown on your income tax return)
**Oak Point Partners, Inc.**

Business name/disregarded entity name, if different from above

Check appropriate box for federal tax classification:
☐ Individual/sole proprietor  ☐ C Corporation  ☑ S Corporation  ☐ Partnership  ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶

☐ Other (see instructions) ▶

Exemptions (see instructions):

Exempt payee code (if any)

Exemption from FATCA reporting
code (if any)

Address (number, street, and apt. or suite no.)
**1540 E Dundee Rd, Suite 240**

City, state, and ZIP code
**Palatine, IL 60074**

Requester's name and address (optional)

List account number(s) here (optional)

*Print or type. See Specific Instructions on page 2.*

## Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

Employer identification number
3 0 – 0 0 0 8 0 9 3

## Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below), and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 3.

| Sign<br>Here | Signature of<br>U.S. person ▶ *Eric A Lin* | Date ▶ 7/13/15 |
|---|---|---|

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** The IRS has created a page on IRS.gov for information about Form W-9, at *www.irs.gov/w9*. Information about any future developments affecting Form W-9 (such as legislation enacted after we release it) will be posted on that page.

## Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, payments made to you in settlement of payment card and third party network transactions, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the

withholding tax on foreign partners' share of effectively connected income, and

4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct.

**Note.** If you are a U.S. person and a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax under section 1446 on any foreign partners' share of effectively connected taxable income from such business. Further, in certain cases where a Form W-9 has not been received, the rules under section 1446 require a partnership to presume that a partner is a foreign person, and pay the section 1446 withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid section 1446 withholding on your share of partnership income.

Cat. No. 10231X                    Form **W-9** (Rev. 8-2013)